2008-01079
FILED
July 16, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001312984

**4**

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California  93721
Telephone:  (559) 487-5002
Telecopier:  (559) 487-5030

Attorneys for Plaintiff, Sara L. Kistler,
           Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re: ) | Case No. 08-12065-B-7 |
| ) | Chapter 7 |
| ANDRIANA TIJERINA, ) | |
| ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| SARA L. KISTLER, ) | |
| Acting United States Trustee, ) | A.P. No.  08-01079-B |
| ) | |
| Plaintiff, ) | Date:  July 3, 2008 |
| v. ) | Time: 9:00 a.m |
| ) | Place: United States Bankruptcy Court |
| ARIANA TIJERINA, ) | 1300 18th Street, Suite A |
| ) | Bakersfield, CA |
| Defendant. ) | Judge: W. Richard Lee |
| _____ ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S COMPLAINT (1) OBJECTING TO DISCHARGE
(2) TO DISMISS CHAPTER 7 WITH PREJUDICE AND (3) TO ENJOIN DEBTOR
FROM FILING BANKRUPTCY FOR TWO YEARS**

On July 3, 2008, the Court's Status Conference came on for hearing on the United

States Trustee's Complaint (1) Objecting to Discharge (2) to Dismiss Chapter 7 with Prejudice

and (3) to Enjoin Debtor from Filing Bankruptcy for Two Years Came on for Hearing.  Mark

L. Pope, Esq. appeared for the United States Trustee.  Having reviewed the pleadings and

- 1 -

RECEIVED
July 15, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001312984

considered the arguments of the United States Trustee, the Court now issues the following

findings of fact and conclusions of law.

Findings of Fact

1.  Adriana Tijerina, Defendant, commenced this case by filing a voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code on April 14, 2008, Case No. 08-12065-B-7.

2.  On Defendant's petition in the current case, under "All Prior Bankruptcy Cases Filed Within Last 8 Years" Defendant left all three information blocks blank.

3.  In fact, Defendant filed three other bankruptcy cases in the last 8 years prior to the current case in the Fresno Division: Case No. 04-10731-A-7 ("Case No. 1"), Case No. 07-14223-A-7 ("Case No. 2") and Case No. 08-11204-B-7 ("Case No. 3").

4.  Case No. 1 was filed on January 29, 2004 and Defendant received a discharge on May 6, 2004.

5.  Case No. 2 was filed on December 14, 2007 and was dismissed on January 17, 2008 because of the Defendant's failure to pay the filing fee.

6.  Case No. 3 was filed on March 6, 2008 and was dismissed on April 15, 2008 for failure to file schedules.

7.  On the Petition in the current case, the Defendant failed to disclose Cases Nos. 1-3. On her Petition in Case No. 2, Defendant failed to disclose Case Nos. 1-2.

8.  In the current case, the Defendant failed to file schedules or pay the filing fee.

9.  Defendant's street address as listed on her Petition is 4412 Sugar Cane Avenue, Bakersfield, CA 93313.  This is the same street address listed by Maria D. Cervantes who filed four chapter 7 petitions in the Fresno division between July 17, 2007 and April 14, 2008: Case Nos.  07-12127-B-7, 07-13429-B-7, 08-10704-A-7, and 08-12064-B-7.

//

//

//

- 2 -

10.  The United States Trustee filed her above referenced adversary proceeding on May 6, 2008.

11.  Defendant has not answered or otherwise pleaded responsively.

11.  The main bankruptcy case referenced above was dismissed on May 23, 2008.  The Court retained jurisdiction to adjudicate the above-referenced adversary proceeding.

### Conclusions of Law

12.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § § 157, and 11 U.S.C. § 707(b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

13.  Under 11 U.S.C. § 307, the United States Trustee may arise and be heard on any issue in any case or proceeding under title 11

14.  Plaintiff has standing to bring this proceeding under 11 U.S.C. § 707(b)(1).

15.  Under 11 U.S.C. §§ 349(a) and 707(b)(1) the court may dismiss a case with prejudice to the filing of a subsequent bankruptcy petition on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtor's history of filings and dismissals, and (d) timing petitions to frustrate court actions.

16.  Based on her discharge in chapter 7 in Case No. 1 (07-10731-A-7) Defendant may not receive a discharge in another chapter 7 case until January 30, 2012.

17.  Defendant is a serial bankruptcy filer who has abused the bankruptcy system since December, 2007.

18.  In the last five months, the Court has dismissed two previous cases filed by the Defendant.

19.  Defendant knowingly and fraudulently made a false oath in her Petition when she failed to disclose her prior cases.

20.  Defendant's sole purpose in filing her successive cases appears to be to invoke the automatic stay to hinder and delay her creditors.

21. Defendant's failure to disclose prior cases and serial filings constitute bad faith and warrant dismissal of the current case with prejudice to subsequent filings.

22. Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

23. However, a 180-day bar is insufficient to protect Defendant's creditors from Defendant who has been in bankruptcy since December, 2007 without any payment to her creditors.

24. Plaintiff has no adequate remedy at law. Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm. Defendant will continue to abuse the bankruptcy process unless this Court issues an injunction barring her from filing another bankruptcy for four years.

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

The Defendant shall be barred from filing another bankruptcy petition under any chapter of the Bankruptcy Code within four years of this Court's Judgment Enjoining Debtor From Filing Bankruptcy For Four Years.

A separate order shall be entered.

**Dated:** July 16, 2008

W. Richard Lee
United States Bankruptcy Judge

- 4 -